Justice Van Voorhis
dissented and relied upon the reasoning of the late Justice Wiley Blount Rutledge set forth in Pedersen v. Pedersen (107 F. 2d 227 [C. A., D. C.]). In the Pedersen decision, the Court of Appeals for the District of Columbia held that a wife seeking a limited divorce is not required to live separate and apart from her husband further than to segregate herself from him as to avoid condoning the acts which she charges as basis for the limited divorce. At page 232 of the opinion, the court stated: “ In the absence of a statute requiring more, we think all that is required of the wife is that she so segregate herself from her husband as to avoid condoning the acts which she charges as the basis for the divorce or other relief she seeks. To do this, the essential thing is not separate roofs, but separated lives — that the parties so live, whether under one roof or two, as to abandon, with apparent permanency of intention, the relation of husband and wife in all but the most technical legal sense. Men and women may live as strangers, even as enemies, more separately, more contentiously, more violently, under a single roof than under two. Continued occupancy of the same house may be evidentiary either of harmonious or at least not disrupted matrimonial relations or of compelling necessity on the part of one or both of the parties. Generally, and in the absence of contrary showing, it will support the former view. But it does not create a conclusive presumption of law to that effect. It is merely one fact, to be considered with others, in determining the character of the association and relations of the man and the woman. Its normal inferential value can be overcome by evidence showing that they live not as man and wife.” Applying the reasoning of this case, it can hardly be argued that plaintiff “ segregated herself from her husband ” when she continued to share his bed.
In Lowenfish v. Lowenfish (278 App. Div. 716 [1951]) the Second Department unanimously affirmed a judgment of separation upon the ground of cruel and inhuman treatment where the record disclosed that the parties, although residing in the same apartment with their two children, had in fact been living separate and apart for several years. This decision cited Pedersen v. Pedersen (supra); Donnelly v. Donnelly (272 App. Div. 779); List v. List (186 Misc. 261, mod. 276 App. Div. 998) and Letts v. Letts (84 N. Y. S. 2d 236, mod. 273 App. Div. 958). The Second Department stated that it did not approve the ruling of the majority of the court in Berman v. Berman (277 App. Div. 560, supra) “ as applicable to the facts established by this record ” Neither the New York Court of Appeals nor the Third *478 and Fourth Departments of the Supreme Court have resolved this point.
The First Department recently reapplied the Berman rule in Baker v. Baker (16 A D 2d 409, motion for leave to appeal denied 16 A D 2d 923). Indeed, that court ordered the wife’s attorney to make restitution of counsel fees that he was paid in pursuance of the order later reversed (see 17 A D 2d 924).
Admitting that the First Department rule may be harsh in some particular cases, we believe that its application is not unjust in this particular case. Plaintiff contends that she has remained in her husband’s apartment because of economic problems. She testified that she was employed as a part-time teacher from which she earned a small, irregular income and that her husband generally failed to provide her with funds adequate for her support. She proved specific acts of cruelty both physical and mental. If this were the only proof, we would grant the separation. However, this plaintiff continued to live in the same apartment and continued to sleep in the same bed with her husband after Special Term allowed her temporary alimony and support in the amount of $20 per week for her personal needs.
The order provided further that‘1 nothing herein shall be construed to relieve the defendant from providing the plaintiff with food, clothing and shelter ” (emphasis supplied). A reading of this language of the order dated February 1,1962 indicates that if the plaintiff had elected to leave the apartment, the defendant would have been charged with providing shelter elsewhere, in addition to the alimony. However, she elected not to leave the premises up to the first day of trial on November 27, 1962, and we must construe her action over a period of at least 10 months as condonation of the cruel and inhuman treatment by the husband. In this case, we believe it is contrary to the policy of law to separate parties judicially who have not separated themselves, even after this court provided the means of so doing. (See Berman v. Berman, 277 App. Div. 560, supra; Friedman v. Friedman, 285 App. Div. 938; Rushmore v. Rushmore, 114 N. J. Eq. 151 [1933].)
In Baker v. Baker (16 A D 2d 409 [First Dept., May 29,1962], supra) the Appellate Division reversed an award of temporary alimony and counsel fee in a separation action brought by a wife. The court held that the wife was not entitled to judicial separation and temporary alimony where she had suffered the husband’s alleged misconduct for a period of years and had means of her own. In the Baker decision, the court summarized the cases in accord with its holding in Berman. The Baker decision indicates that the First Department recognizes the divergence *479 created by the decisions of the Second Department bnt holds steadfast to its consideration of public policy on the ground that a living together that is tolerable is not sufficient to justify a legal or judicial separation “in the absence of extraordinary circumstances ” (p. 412).
In the case before us, plaintiff has failed to prove extraordinary circumstances.
Enter order dismissing the complaint, without costs.